IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| PHILIPS LIGHTING, | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Jake Lee Velasquez. As alleged with greater particularity below, Defendant Philips Lighting retaliated against Mr. Velasquez by terminating his employment after recognizing him to be the grandson of Defendant's former employee, Jesse Velasquez, who filed a charge and lawsuit against Defendant under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation organized under the laws of the Netherlands doing business in the State of Kansas and the City of Salina, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Jake Lee Velasquez ("Mr. Velasquez")[1] filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 20, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

---

[1] Mr. Velasquez filed his charge against Defendant with the EEOC under the name Juan Lopez. He has since changed his name to Jake Lee Velasquez.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. On November 6, 2013, Imperial Security Services ("Imperial") hired Mr. Velasquez to work as a security guard at Defendant's Salina, Kansas facility.

13. Imperial and Defendant jointly employed Mr. Velasquez beginning on November 6, 2013 in that:

(a) Imperial paid guards at Defendant's facility out of its checking account based on the pay rate established by Defendant. Imperial withheld federal and state taxes from guards' pay.

(b) Defendant had the ability to raise the pay rate of guards at its facility by raising the level of its contract reimbursement to Imperial and asking that Imperial pass that raise along to guards.

(c) Imperial provided worker's compensation insurance for guards at Defendant's facility.

(d) Imperial controlled the employment records for guards at Defendant's facility.

(e) Imperial assigned guards to Defendant's facility based on Defendant's contract requirement of one guard on duty 24 hours a day seven days a week. Defendant had the

right to increase or decrease this staffing.  Defendant also had the right to ask Imperial to staff additional security-related projects at its facility.

(f) Imperial assigned work to guards at Defendant's facility according to instructions or "post duties" established by Defendant, which Defendant had the discretion to change.

(g) Imperial scheduled guards at Defendant's facility as directed by Defendant.

(h) Imperial provided uniforms to guards working at Defendant's facility but did not provide other job-related equipment.

(i) All Mr. Velasquez's work would have been performed at Defendant's facility.

(j) Defendant provides guards with an "access control station" on its premises, which contains equipment, including computers, and a video surveillance system.

(k) Guards at Defendant's facility are subjected to Defendant's work rules and "post orders," such as Defendant's non-smoking policy and its policy that guards not get involved in Defendant's internal operations.

(l) Guards at Defendant's facility are subject to Imperial's rules relating to appearance, EEO regulations and attitude.

(m) Guards are not directly supervised at Defendant's facility.  Imperial visits Defendant's facility approximately once every two weeks to check on guards.  Imperial visits more frequently if it receives a complaint about a guard from Defendant.  Defendant has complained to Imperial about guards sleeping on the job.

(n) Imperial has the right to evaluate the performance of guards working at Defendant's facility but does so based primarily upon information it receives from Defendant.

(o) Both Imperial and Defendant have the ability to discipline guards at Defendant's facility.

(p) Defendant has the right to fire guards from working on its premises.

(q) Imperial has the right to fire guards from its employment, but it only fires guards assigned to Defendant's facility for reasons relating to its own internal policies after discussing the matter with Defendant.

14. On November 7, 2013, Mr. Velasquez began work as a guard at Defendant's Salina, Kansas facility. That day, Defendant's Human Resources Manager Bryan Herwig recognized Mr. Velasquez and asked him if he was the grandson of Jesse Velasquez, a former employee of Defendant. Mr. Velasquez confirmed that he was.

15. Mr. Herwig recognized Mr. Velasquez because he had visited his grandfather at work on several occasions.

16. On November 7, 2013, Mr. Herwig directed Imperial to terminate Mr. Velasquez from working at Defendant stating that Mr. Velasquez could not work for Defendant because his grandfather had a lawsuit against the company.

17. Jesse Velasquez had previously filed a charge and a lawsuit against Defendant under Title VII.

18. Defendant terminated Mr. Velasquez's employment on November 7, 2013, forbidding him from returning to work at its facility.

19. Imperial had no alternative work available for Mr. Velasquez within 150 miles of Salina, Kansas.

## COUNT I

(Title VII – retaliation)

20. Paragraphs 1-19 are realleged and incorporated by referenced as though fully set forth herein.

21. Defendant engaged in unlawful employment practices at its Salina, Kansas Facility in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Mr. Velasquez's employment in November 2013.

22. Defendant terminated Mr. Velasquez's employment because his grandfather filed a charge and participated in a proceeding under Title VII against Defendant in violation of Title VII.

23. The effect of the practices complained of in paragraphs 1-22 above has been to deprive Mr. Velasquez of equal employment opportunities and otherwise adversely affect his status as an employee because his grandfather filed a charge and participated in a proceeding under Title VII.

24. The unlawful employment practices complained of in paragraphs 1-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 1-22 above were done with malice or with reckless indifference to Mr. Velasquez's federally protected rights.

## COUNT II

(Title VII – Third Party Interference)

26. Paragraphs 1-25 are realleged and incorporated by referenced as though fully set forth herein.

27. Defendant engaged in unlawful employment practices at its Salina, Kansas Facility in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a) by interfering with Mr. Velasquez's employment relationship with Imperial in November 2013.

28. Defendant controlled Mr. Velasquez's access to continued employment with Imperial in Salina, Kansas in November 2013 because Defendant was Imperial's only client in Salina at the time.

29. Defendant denied Mr. Velasquez access to continued employment with Imperial in Salina, Kansas in November 2013 by forbidding him from working at Defendant's Salina plant because Mr. Velasquez's grandfather filed a charge and participated in a proceeding under Title VII against Defendant.

30. The effect of the practices complained of in paragraphs 1-29 above has been to deprive Mr. Velasquez of equal employment opportunities and otherwise adversely affect his status as an employee.

31. The unlawful employment practices complained of in paragraphs 1-29 above were intentional.

32. The unlawful employment practices complained of in paragraphs 1-29 above were done with malice or with reckless indifference to Mr. Velasquez's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any action that might dissuade its employees or applicants for employment from: (1) opposing

any practice made unlawful by Title VII, or (2) filing a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII.

B.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any action that interferes with individual's employment relationships in violation of Title VII.

C.   Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant to make whole Mr. Velasquez by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.   Order Defendant to make whole Mr. Velasquez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.   Order Defendant to make whole Mr. Velasquez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in amounts to be determined at trial.

G.   Order Defendant to pay Mr. Velasquez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DESIGNATION OF PLACE OF TRIAL

The Commission designates Kansas City, Kansas as the place of trial.

>P. David Lopez
>General Counsel
>
>James L. Lee
>Deputy General Counsel
>
>Gwendolyn Young Reams
>Associate General Counsel
>
>Andrea G. Baran
>Regional Attorney
>
>C. Felix Miller
>Supervisory Trial Attorney
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>1222 Spruce Street, Rm. 8.100
>St. Louis, Missouri 63103
>Tel. 314-539-7910
>andrea.baran@eeoc.gov
>felix.miller@eeoc.gov
>
>/s/ Anne E. Gusewelle
>Anne E. Gusewelle      KS Bar # 18065
>Senior Trial Attorney
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Kansas City Area Office
>400 State Avenue, 9th Floor
>Kansas City, Kansas
>66101
>anne.gusewelle@eeoc.gov
>Tel. (913) 551-5844